

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 2, 1947

Hon. John H. Winters,
Executive Director,
Department of Public Welfare,
Austin, Texas

Opinion No. V-396

Re: The effect to be ac-
corded funds in the
Registry of a Court
which are available
to the recipient of
an inheritance in
determining his eli-
gibility for old age
assistance benefits.

Dear Sir:

Your request for an opinion by the depart-
ment upon the above subject matter is as follows:

"We shall appreciate your opinion and in-
terpretation of the provisions of House
Concurrent Resolution No. 33, Acts of the
49th Legislature, regarding cash which may
be possessed by recipients of old age as-
sistance.

"A former recipient's grant was denied on
the basis that he had $419.89 in the regis-
try of the district court. He alleges that
the money is not his and not available, and
therefore, that the department's policy of
exempting from consideration $300 which is
possessed by any recipient in accordance
with the recommendation of the 49th Legis-
lature, as expressed in House Concurrent
Resolution No. 33, does not apply in his case
on the basis that it is not possessed and is
not available.

"According to the information furnished the
department, this recipient's sisters received
an interest in an estate from a relative un-
der the terms of the relative's will. The
sisters died intestate without heirs, and
when their estates were settled our recipient

received an interest in their estates.
Following the death of the sisters a receiver was appointed, and the district
court ordered the estates sold and the
proceeds divided after encumbrances and
taxes were paid. The court determined
the interests of the various heirs, and
$419.89 was set aside as belonging to
our recipient. Under the direction of
the court a check was sent to the recipient, but he refused to accept it stating that he did not think he had any interest in the estate as he was not mentioned in the original will, and too, he
did not want to accept the money as he
felt that his refusal would cloud the
title to the property.

"In determining eligibility, the department has discussed the matter with the
clerk of the district court who states
that the money is in the registry of the
court and will be given to the recipient
at any time when he requests it. On
this statement the department has considered that the money is available to
the recipient; and therefore, any amount
in excess of the $300 which may be possessed by a recipient in accordance with
House Concurrent Resolution No. 33 is a
potential resource to him, and therefore,
would render him ineligible.

"Since the recipient insists that the money in the registry of the court would not,
in effect, be available or possessed by
him, we shall appreciate your opinion as
to whether or not this money which was deposited in the registry of the court by
the receiver constitutes a resource as expressed in House Concurrent Resolution No.
33."

House Concurrent Resolution No. 33 of the
49th Legislature (1945) is not an act having any force
whatever as law. On the contrary, it constitutes only
a recommendation, request, or desire on the part of the
Texas Legislature expressed with reference to the subject matter thereof, as it clearly purports to be. It

declares "that it is the sentiment and desire of the Texas Legislature that the State Public Welfare Department adopt a rule allowing applicants for and recipients of aid to the needy blind or old age assistance to possess as much as Three Hundred Dollars ($300.00) in cash moneys or in bonds or in other property, at any given time, regardless of the source from which such assets are realized or received, without being subject to denial of assistance grants or applications, if otherwise eligible." We assume, however, that the Department has adopted the rule thus stated in the resolution and shall answer your specific question upon that assumption.

It is our opinion under the facts stated by you, that the conclusion of your department was correct to the effect that the money in the hands of the Clerk of the District Court was and is the money of the recipient possessed by and available to him within the meaning of Article 695c, Vernon's Civil Statutes. No question of waiver or disclaimer is here presented because it does not appear that any such instrument was filed. The recipient may not now deny that he owns the amount adjudged to him by the Court nor may he say that such sum is not possessed by or available to him when it may be had for the mere asking.

### SUMMARY

A sum of money adjudged to belong to a recipient of Old Age Assistance Benefits in the distribution of a decedent's estate, which has been duly placed with the Clerk of the Court for delivery to the recipient and which he has refused to accept, is money or property owned and possessed by, and available to, him within the meaning of Article 695c, Vernon's Civil Statutes.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By *Ocie Speer*

Ocie Speer
Assistant

OS:wb